**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM WALTER BOLTON,** *et al.,* | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00012-WS-B |
| | * |
| **JOHN GREENBERG,** | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiffs William Walter Bolton and Danielle Heil Bolton's motion for entry of default judgment (Doc. 10). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Plaintiffs' motion be **DENIED,** and that the default entered by the Clerk of Court against Defendant John Greenberg be **SET ASIDE.**

### I. BACKGROUND

On January 11, 2022, Plaintiffs William Walter Bolton and Danielle Heil Bolton (collectively "Plaintiffs") filed a complaint in this Court against Defendant John Greenberg ("Greenberg"),[1]

---

[1] The complaint alleges that Plaintiffs are individuals residing in Fairhope, Alabama, and that Greenberg is an individual residing in Louisville, Kentucky. (Doc. 1 at 1).

asserting claims for invasion of privacy and outrage. (Doc. 1).

On January 19, 2022, Plaintiffs filed a proof of service signed by Gayle B. Cawthon as server.[2] (Doc. 7). The proof of service stated that "Defendant John Greenberg was served via Certified U.S. Mail, delivered to 4231 Produce Road, Louisville, KY 40218 on January 19, 2022." (Id. at 1). Attached to the proof of service was a USPS Tracking web printout, which stated: "Your item was delivered to an individual at the address at 12:04 pm on January 19, 2022 in LOUISVILLE, KY 40218." (Id. at 3).

On February 17, 2022, Plaintiffs filed a motion requesting that the Clerk of Court enter a default against Greenberg for failing to appear, plead, or otherwise defend within the time allowed. (Doc. 8). On that same date, the Clerk entered a default against Greenberg pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 9).

On February 21, 2022, Plaintiffs filed the instant motion for entry of default judgment, along with the supporting affidavit of their attorney. (Doc. 10). Plaintiffs ask that the Court enter a default judgment against Greenberg pursuant to Federal Rule of Civil Procedure 55(b) and request a hearing to allow them to present evidence of damages. (Id.).

---

[2] The server's address listed on the proof of service is the mailing address of Plaintiffs' counsel. (Compare Doc. 7 at 1, with Doc. 10 at 1).

2

**II. DISCUSSION**

"An entry of default is appropriate when a party against whom affirmative relief is sought fails to plead or otherwise defend a case." Hines v. Regions Bank, 782 F. App'x 853, 854 (11th Cir. 2019) (per curiam) (citing Fed. R. Civ. P. 55(a), (b)). However, "a party's delay may result in a default judgment only if the party has been properly served because 'a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" Id. (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)).

> [C]ourts may raise the question [of proper service] *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default judgment entered against a defendant who is not subject to personal jurisdiction is void. A federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant.

CHCC Co. LLC v. Pilgrim Pipeline Holdings, LLC, 2017 U.S. Dist. LEXIS 154795, at *8, 2017 WL 4216464, at *3 (M.D. Fla. Sept. 22, 2017) (internal citations omitted).

Service of process on an individual within the United States is governed by Federal Rule of Civil Procedure 4(e). Rule 4(e) states that, with certain inapplicable exceptions,

> an individual . . . may be served in a judicial district of the United States by:

>    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>    (2) doing any of the following:
>
>       (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>       (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>       (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiffs did not attempt personal service on Greenberg. Thus, they did not perfect service on Greenberg in accordance with Rule 4(e)(2). See, e.g., Wright v. Walmart Incorporation, 2020 U.S. Dist. LEXIS 155128, at *16, 2020 WL 4938367, at *7 (N.D. Ga. Apr. 1, 2020) ("Under the Federal Rules, the certified mailing of the summons and complaint does not constitute proper service of process under Rule 4(e)(2).") (quotation omitted).

The pertinent inquiry is therefore whether Plaintiffs perfected service on Greenberg under Federal Rule of Civil Procedure 4(e)(1). That rule provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P.

4

4(e)(1). Under this rule, Plaintiffs were permitted to serve Greenberg as provided for under the laws of Alabama (the state in which this Court is located) or Kentucky (the state in which service was attempted). See id.

Alabama law permits "service by certified mail, return receipt requested, sent by counsel and effective upon the date of delivery to the 'named addressee or the addressee's agent as evidence[d] by signature on the return receipt.'" S. Guar. Ins. Co. v. Robinson, 2012 U.S. Dist. LEXIS 12576, at *5, 2012 WL 353767, at *2 (S.D. Ala. Feb. 2, 2012) (citing Ala. R. Civ. P. 4(i)(2)(B)(ii) & (C)). If someone other than the defendant has signed for the certified mail, "service is good only if the signatory constitutes the defendant's 'agent,' that is, 'a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee.'" U.S. Bank Nat. Ass'n v. Turquoise Props. Gulf, Inc., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2 (S.D. Ala. Aug. 5, 2010) (citing Ala. R. Civ. P. 4(i)(2)(C)).

Similarly, "[u]nder the Kentucky rules, service may be effectuated by certified mail on an individual defendant, but only if the defendant personally signs for the letter when it arrives." Fleet v. Commonwealth of Ky. Cabinet for Health & Fam. Servs., 2016 U.S. Dist. LEXIS 40165, at *20, 2016 WL 1241540, at *6 (W.D. Ky. Mar. 28, 2016). "The party seeking to effect service by mail

5

must therefore provide 'instructions to the delivering postal employee to deliver to the addressee only . . . .'" Ingram Barge Co., LLC v. Musgrove, 2019 U.S. Dist. LEXIS 41734, at *13, 2019 WL 1226818, at *5 (M.D. Tenn. Mar. 8, 2019) (quoting Ky. R. Civ. P. 4.01(1)(a)), report and recommendation adopted, 2019 U.S. Dist. LEXIS 41730, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). "Kentucky courts have construed [the state's] rules to require that service by certified mail must be signed by the defendant." Bowden v. Brinly-Hardy Co., Inc., 2020 U.S. Dist. LEXIS 254914, at *5, 2020 WL 9607026, at *2 (W.D. Ky. Oct. 26, 2020) (finding attempted service insufficient under Kentucky rules when plaintiff's only proof of service was an unsigned return receipt and a USPS Tracking record stating that the package was delivered to an unidentified individual); see Musgrove, 2019 U.S. Dist. LEXIS 41734, at *13, 2019 WL 1226818, at *4-5 (finding attempted service by certified mail at defendant's usual place of abode insufficient under Kentucky law where defendant's fiancée signed the return receipt); United Steel Supply, LLC v. Buller, 2013 U.S. Dist. LEXIS 101035, at *5, 2013 WL 3790913, at *2 (W.D. Ky. July 19, 2013) (concluding that plaintiff had not complied with Ky. R. Civ. P. 4.01(1)(a) where defendant's wife signed the certified mail return receipt).

Plaintiffs have not submitted a return receipt signed by Greenberg or a person authorized to receive and deliver Greenberg's mail. Indeed, Plaintiffs have not submitted a return receipt at

6

all.  The USPS Tracking printout attached to the proof of service reflects that an "item was delivered to an individual" in the 40218 ZIP code of Louisville, Kentucky on January 19, 2022.  At best, this indicates that an individual at the address listed on the summons received the summons and complaint.  However, there is no evidence from which this Court can determine who the individual was or whether the unknown person was authorized to receive and deliver Greenberg's mail.  The proof of service and attached USPS Tracking printout are not sufficient to demonstrate delivery of the summons and complaint to Greenberg or his authorized agent.  Thus, Plaintiffs have not demonstrated that Greenberg was properly served under either Alabama or Kentucky law.  Because effective service is a necessary predicate to a motion for default judgment, Plaintiffs' motion for entry of default judgment (Doc. 10) is due to be denied.

"A district court 'may set aside an entry of default for good cause,' Fed. R. Civ. P. 55(c), such as insufficient service of process." EMI Sun Vill., Inc. v. Catledge, 779 F. App'x 627, 633 (11th Cir. 2019) (per curiam) (internal citation omitted).  As long as good cause exists, the court may act *sua sponte*. See Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1267 (11th Cir. 2003).  Because Plaintiffs have not demonstrated that they have perfected service on Greenberg, the undersigned recommends that

the default entered against Greenberg pursuant to Federal Rule of Civil Procedure 55(a) (Doc. 9) be set aside.[3]

### III. **CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiffs' motion for entry of default judgment (Doc. 10) be **DENIED**, that the default entered by the Clerk of Court against Defendant John Greenberg pursuant to Federal Rule of Civil Procedure 55(a) (Doc. 9) be **SET ASIDE**, and that Plaintiffs be ordered to properly serve Greenberg and file proof of same within the time specified under Federal Rule of Civil Procedure 4(m).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

[3] Federal Rule of Civil Procedure 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs' complaint was filed on January 11, 2022. (Doc. 1). Therefore, Plaintiffs must properly serve Greenberg and file proof of same by April 11, 2022.

8

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **24th** day of **February, 2022.**

                                                  /s/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**