# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM WALTER BOLTON, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0012-WS-B |
| | ) |
| **JOHN GREENBERG,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The Magistrate Judge has entered a report and recommendation ("R&R") that the plaintiffs' motion for default judgment, (Doc. 10), be denied and that the previous entry of default be set aside. (Doc. 12). The plaintiffs have filed a two-sentence objection. (Doc. 14).

According to the complaint, the defendant resides in Louisville, Kentucky. The plaintiffs filed a proof of service stating that the defendant was served by certified mail at a Louisville address. (Doc. 7). The plaintiffs then filed a two-sentence motion for entry of default, (Doc. 8), supported by nothing but a one-sentence assertion that the proof of service demonstrated service of process. (Doc. 8-1). The Clerk, without judicial intervention, entered default. (Doc. 9). The instant motion for entry of default judgment followed.

The R&R notes that, because the plaintiffs did not attempt personal service but rather relied on certified mail, they must demonstrate their compliance with the service rules of either Alabama or Kentucky. Fed. R. Civ. P. 4(e)(1).

Under Alabama law, "[s]ervice by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by the signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C). An "agent" for purposes of this rule is "a

person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." *Id*. Kentucky law is even more stringent, requiring that the defendant himself personally sign for the mailing, which requires that the plaintiff instruct the postal employee to deliver to the addressee only. (Doc. 12 at 5-6).

While the filed proof of service, signed by an employee of plaintiffs' counsel in Mobile, states that "Defendant John Greenberg was served" by certified mail, (Doc. 7 at 1), the USPS tracking document states only that the mailing was "delivered, left with individual," who is not identified. (*Id*. at 3). As the R&R notes, the plaintiffs have not submitted a return receipt at all, much less one demonstrating that the defendant, or his agent for the purpose of receiving and delivering mail, signed for the mailing. (Doc. 12 at 6-7).

The plaintiffs' objection finds no fault with the Magistrate Judge's analysis. Instead, the plaintiffs ask the Court to consider an electronic return receipt, which they omitted from their motion for entry of default and motion for entry of default judgment. (Doc. 14).

"[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In particular, a district judge has discretion not to consider an argument first raised after a magistrate judge has issued an R&R. *Id*. The *Williams* Court noted the negation of the efficiencies of referrals, and the possibility of gamesmanship, that would occur could litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge. *Id*. at 1291-92. Accordingly, and as it has done repeatedly in other cases,[1] the Court in its discretion declines to consider the plaintiffs' tardy evidence and argument therefrom.

---

[1] *E.g., Cole v. White*, 2018 WL 3423819 at *2 (S.D. Ala. 2018); *United States ex rel. Carver v. Physicians' Pain Specialists, P.C.*, 2017 WL 4224587 at *3 & n.3 (S.D. Ala. 2017); *Shepherd v. Corizon, Inc.*, 2013 WL 1561513 at *1 (S.D. Ala. 2013);

Even were the Court to consider the electronic return receipt, the result would remain unchanged. The signature on the receipt (printed, not cursive), says simply, "Greenberg." (Doc. 13 at 2). It is of course impossible from this cryptic notation to confirm that the person that signed for the mailing was *John* Greenberg; nor is it possible to confirm that the unknown Greenberg who signed for the mailing was the defendant's agent for the purpose of receiving and delivering the defendant's mail.

For the reasons set forth above, the plaintiffs' objections are **overruled**. After due and proper consideration of the issues raised, and considering *de novo* those portions of the R&R to which objection has been made, the R&R is **adopted** as the opinion of this Court, as amplified by this order. The motion for entry of default judgment is **denied**, and the entry of default is **set aside**.

DONE and ORDERED this 2nd day of March, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

*Morrison v. United States*, 2012 WL 4711863 at *3 (S.D. Ala. 2012); *Johns v. United States*, 2011 WL 6141057 at *3 (S.D. Ala. 2011); *United States v. Knight*, 2011 WL 4701810 at *3 (S.D. Ala. 2011); *United States v. Ezell*, 2011 WL 772884 at *4 (S.D. Ala. 2011); *Soun v. United States*, 2010 WL 3724099 at *1 (S.D. Ala. 2010); *White v. Thyssenkrupp Steel USA, LLC*, 2010 WL 204231 at *2 (S.D. Ala. 2010); *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009).